# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60027-BLOOM/Valle

GULF INSURANCE COMPANY,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Wells Fargo Bank, N.A.'s ("Defendant" or "Wells Fargo") Motion to Dismiss Plaintiff's Complaint, ECF No. [4] ("Motion"). Plaintiff Gulf Insurance Company ("Gulf" or "Plaintiff") filed a response, ECF No. [8] ("Response"), and Defendant filed a reply, ECF No. [16] ("Reply"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## I.    BACKGROUND

This case arises as a result of a fraudulent settlement in a personal injury action. Gulf provided liability insurance coverage for the Florida Philharmonic Orchestra (the "Orchestra"). An individual named Philip Bradford ("Bradford") filed suit against the Orchestra, Robert Williams Moving & Storage, Inc., and Fisher Action Co., Inc., arising from a personal injury. Bradford's attorney, Scott Rovenger ("Rovenger"), allegedly without Bradford's knowledge or consent, entered into a settlement agreement with the Orchestra, pursuant to which Gulf would pay $280,000 to resolve Bradford's claim against its insured, the Orchestra. As a result of

Rovenger's actions, Gulf issued a check for the settlement amount to Bradford and Rovenger's law firm, which Rovenger deposited at Wells Fargo by forging Bradford's signature. Thereafter, Rovenger allegedly absconded with the settlement money, none of which Bradford every received. When Rovenger's actions were discovered, the underlying lawsuit was reinstated, and the Orchestra and Bradford entered into a subsequent settlement agreement at the end of 2017, pursuant to which Gulf paid Bradford $500,000 in full settlement of his claims against the Orchestra.

Gulf then filed the instant action against Wells Fargo in state court, asserting a claim for negligence arising from Wells Fargo's wrongfully allowing Rovenger to deposit the initial settlement check in contravention of its own policies and procedures regarding check depositing. On January 3, 2019, Wells Fargo removed the case to this Court on the basis of diversity jurisdiction, and now requests dismissal for failure to state a claim.

## II.    LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). Although the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

In the instant Motion, Wells Fargo advances three arguments for dismissal: (1) a drawer or maker of a check cannot assert a direct claim against a depositary bank for accepting a check with a forged endorsement; (2) Wells Fargo did not owe a duty to Gulf, a non-customer of Wells Fargo; and (3) any claim against Wells Fargo is barred by the statute of limitations. Because the application of the statute of limitations is dispositive, the Court considers it first.

"Generally, whether a claim is barred by the statute of limitations should be raised as an affirmative defense in the answer rather than in a motion to dismiss. However, if facts on the face of the pleadings show that the statute of limitations bars the action, the defense can be raised by motion to dismiss." *Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1328 (S.D. Fla. 2012) (citing *Cabral v. City of Miami Beach*, 76 So. 3d 324, 326 (Fla. 3d DCA 2011)); *see also Keira v. U.S. Postal Inspection Serv.*, 157 F. App'x 135, 136 (11th Cir. 2005) ("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.") (internal quotation marks and citation omitted). "[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time barred." *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted); *see also Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982) (stating that statute of limitations defect can be raised in motion for summary judgment where failure to comply with statute of limitations does not appear on face of complaint).

Section 95.11(3), Florida Statutes, provides that an "action founded on negligence" must be commenced within four years from the time the cause of action accrues. "A cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1). "The last element constituting a cause of action for negligence . . . is the occurrence of damages." *Kelly v. Lodwick*, 82 So. 3d 855, 857 (Fla. 4th DCA 2011) (citing *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003); *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla.2002)). "Moreover, Florida courts have found that the limitations period does not begin to run until a plaintiff knew or should have known of the injury." *F.D.I.C. v. Stahl*, 89 F.3d 1510, 1522 (11th Cir. 1996) (citing *Lund v. Cook*, 354 So. 2d 940, 941 (Fla. 1st DCA 1978); *see also Jones v. Childers*, 18 F.3d 899,

906 (11th Cir. 1994) ("Generally under Florida law, a party is held to have been put on notice when he discovers, or reasonably should have discovered, facts alerting him of the existence of his cause of action."). Accordingly, the determination of when Gulf knew or should have known that the settlement was fraudulent, and thus that it had sustained damages, is critical to its claim.

Wells Fargo argues that Gulf's claim is time-barred because the check at issue was paid on January 10, 2012, as shown in the check record and image attached to the Motion. *See* ECF No. [4-1]. In response, Gulf contends that the Court should not rely on the check that was not attached to the Complaint, ECF No. [1-2] at 3-8 ("Complaint"), that it is not apparent from the face of the Complaint that the claim is time-barred, and that in any event, it was not until Bradford and the Orchestra entered into an actual settlement agreement on November 14, 2017, that Gulf incurred damages. Upon review, the Court determines that neither date posited by the parties is correct.

As a threshold matter, the Court determines that there is a sufficient basis on the face of the Complaint to determine the statute of limitations issue, because Gulf affirmatively alleges that once Rovenger's actions were discovered, the state court lawsuit was reinstated. *See* Complaint, ¶ 14. Thus, once the settlement was vacated based on Rovenger's fraud, Gulf sustained damages. This is true regardless of whether Bradford's state court case resolved by settlement or ultimate judgment, either for Bradford or the Orchestra, because once it was established that the first settlement was a product of fraud, Gulf paid $280,000 it otherwise would not have. As such, the date advanced by Gulf for the starting point of the statute of limitations is too late because, as alleged in the Complaint, the state court lawsuit was reinstated following discovery of Rovenger's actions. Therefore, the date posited by Wells Fargo is too early, as Gulf could not have known at the time the check was paid that Rovenger had engaged in fraud.

Case No. 19-cv-60027-BLOOM/Valle

While Gulf does not allege in the Complaint, perhaps strategically, the date that Bradford's case was reinstated in the state court, a district court may properly take judicial notice of state court documents on a motion dismiss. *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (taking judicial notice of documents filed in state eviction case); *see also* Fed. R. Evid. 201(b); *accord Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (holding that upon on a 12(b)(6) motion, the court may consider relevant publicly filed SEC documents); *Galstaldi v. Sunvest Communities USA, LLC*, 637 F. Supp. 2d 1045, 1054 (S.D. Fla. 2009) (taking notice of state court documents as public records at dismissal stage). The state court docket reveals that Bradford, through new counsel, filed his motion to set aside the settlement and to vacate the dismissal based on the fraudulent settlement on August 16, 2012, which the state court granted on December 31, 2012. *See Bradford v. The Florida Philharmonic Orchestra, Inc.*, Broward County Case No. CACE07021953. Thus, as of December 31, 2012 at the latest, Gulf knew or should have known that it had paid $280,000 it otherwise would not have, and had therefore sustained damages.[1] As a result, the statute of limitations for any claim based upon negligence expired on December 31, 2016 at the latest, nearly two years before Gulf filed the instant case. Gulf's claim is therefore time-barred, and the Court does not consider the remaining arguments for dismissal.

---

[1] The Court also notes that the Orchestra appealed the trial court's order granting the motion to set aside the settlement and vacate the dismissal, arguing that the trial court abused its discretion because the Florida Rules of Civil Procedure permit relief from judgment based on fraud by an adverse party, not by a party's own attorney. On appeal, the Fourth District Court of Appeal found that the trial court could set aside the settlement for fraud on the court, but reversed the trial court order and remanded for specific findings as to which party would bear the burden for Rovenger's fraud. *Fla. Philharmonic Orchestra, Inc. v. Bradford*, 145 So. 3d 892, 894-95 (Fla. 4th DCA 2014). Even so, the fact of Rovenger's fraud was never in dispute.

**IV. CONCLUSION**

Accordingly, Wells Fargo's Motion, **ECF No. [4]**, is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** as time-barred. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 12, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record